OPINION
{¶ 1} The following appeals were submitted on the briefs of the parties. Pro se appellant, Steven K. Savage, appeals from the judgments of the Lake County Court of Common Pleas, Domestic Relations Division, denying his motion to show cause and granting appellee's motion to modify parenting time. For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. By way of background, appellant and appellee, Tina M. Savage, were married on June 5, 1999. Two children ("the children") were born as issue of said marriage on September 5, 1999, and October 13, 2001.
 {¶ 3} On June 19, 2001, appellee filed a divorce complaint in the Lake County Court of Common Pleas, Domestic Relations Division. The complaint requested a divorce from appellant based upon his gross neglect of duty, extreme cruelty toward appellee, and domestic violence against a household member.
 {¶ 4} While the divorce was pending, appellant was indicted in the Geauga County Court of Common Pleas on sixteen counts of rape and six counts of sexual battery. These charges originated from appellant's alleged sexual abuse of his stepdaughter. Specifically, appellee and her daughter ("step-daughter") from a previous marriage resided with appellant during the marriage. Allegedly appellant had engaged in a repeated pattern of sexual abuse with his step-daughter while she was between the ages of nine and thirteen. Ultimately, appellant was convicted of rape and sentenced to a fifteen-year prison term.
 {¶ 5} On July 24, 2002, a magistrate granted appellee a divorce on the grounds of appellant's gross neglect of duty. The court subsequently adopted the magistrate's decision and granted the divorce.
 {¶ 6} Thereafter, on August 14, 2002, the court issued a judgment entry dividing the parties' property and allocating their parental responsibilities. With respect to parental responsibilities, the judgment entry confirms that appellee was named the residential parent and legal custodian of the children. Moreover, appellant was entitled to parenting time with the children via telephone and mail.
 {¶ 7} On July 25, 2003, appellant, acting pro se, filed a motion to show cause as to why appellee should not be held in contempt based upon her arbitrary and continuous denial of appellant's parenting time. Appellant then filed an August 1, 2003 amended motion to show cause, reiterating appellee's alleged failure to comply with the court's ordered parenting time.
 {¶ 8} On October 15, 2003, appellee filed a motion to modify parenting time. This motion requested the court's modification of parenting time to eliminate any communication or contact between appellant and the children. The modification was predicated upon the "significant emotional debilitation" experienced by appellee and the step-daughter, stemming from appellant's sexual abuse of his step-daughter. Accordingly, appellee maintained that any contact with the family, in general, would create an atmosphere which would be detrimental to the children.
 {¶ 9} The court notified the parties that appellant's motions to show cause and appellee's motion to modify were scheduled for a magistrate hearing on November 24, 2003. Appellant filed a November 19, 2003 motion for extension of time to reschedule the November 24, 2003 hearing. Appellant requested an extension of time to obtain an attorney.
 {¶ 10} On November 20, 2003, appellant, still acting pro se, filed a response to appellee's motion to modify. Appellant's response argued that the modification requested by appellee was inappropriate, as appellant's incarceration did not justify a restriction of his parenting time. Furthermore, appellant contended that his parenting time by telephone and mail was in the best interest of the minor children and would strengthen their relationship.
 {¶ 11} The November 24, 2003 magistrate hearing proceeded as scheduled. Following the hearing, the magistrate entered findings of fact and conclusions of law on November 25, 2003. First, the magistrate dismissed appellant's motion to show cause and amended motion to show cause, without prejudice, for lack of prosecution and assessed the costs of these motions to appellant. The magistrate found that appellant was not present at the hearing and was not represented by an attorney. In doing so, the magistrate denied appellant's motion for extension of time because both motions to show cause were appellant's own motions and had been pending for four months. The magistrate concluded that four months was ample time to obtain counsel.
 {¶ 12} However, appellant's motion for extension of time was well-taken in regard to appellee's motion to modify parenting time. The magistrate found that because the motion to modify had been pending for approximately one month and was filed by appellee, "[i]t would be fair and reasonable to allow [appellant] time to obtain counsel to defend the Motion to Modify Parenting Time." Thus, the motion to modify was to be reset for a later date.
 {¶ 13} Subsequently, appellant filed a copy of a power of attorney, appointing his father, Donald L. Savage ("Donald"), to be his "true and lawful attorney." The power of attorney had been executed on June 25, 2003. Also, appellant filed an unsworn affidavit attesting to his attempt to obtain a transcript of the November 24, 2003 magistrate hearing.
 {¶ 14} Nevertheless, appellant filed timely pro se objections to the November 25, 2003 magistrate's decision. Appellant first objected to the magistrate's failure to allow Donald to represent him at the November 24, 2003 hearing, notwithstanding the June 25, 2003 power of attorney. He further objected to the dismissal of his motions to show cause, as his incarceration and indigency had precluded him from obtaining an attorney. Finally, appellant objected to the magistrate's assessment of costs.
 {¶ 15} On December 22, 2003, appellant filed a petition for writ of habeas corpus ad-testificandum with the court. The petition stated that appellant had been unable to obtain counsel for the scheduled December 29, 2003 magistrate hearing, on appellee's motion to modify, and requested his release from prison to represent himself at the hearing.
 {¶ 16} The magistrate hearing proceeded on December 29, 2003. Following the hearing, on January 7, 2004, the magistrate issued his findings of fact and conclusions of law. At the outset, the magistrate determined that appellant was neither present at the hearing nor represented by counsel. The magistrate noted that the petition for writ of habeas corpus was not brought to his attention until the morning of the hearing. Furthermore, the magistrate stated that Donald was permitted to sit in on the hearing, but was not allowed to act as an attorney on behalf of appellant.
 {¶ 17} The magistrate found appellee's motion to modify to be well-taken. In particular, the magistrate considered appellant's incarceration for child abuse, per R.C. 3109.051(C)(11), and determined that there was clear evidence showing appellant's sexual abuse of his step-daughter. The magistrate also concluded that, due to the children's young age, "telephone or mail contact between [appellant and the children] would require involvement of [the step-daughter] or [appellee]. This type of contact with [appellant] would be extremely upsetting to [the step-daughter] and/or [appellee], who are trying to recover from the trauma of the sexual abuse of [the step-daughter] perpetrated by [appellant]." Thus, the magistrate granted appellee's motion to modify and suspended appellant's parenting time with the children until further order of court.
 {¶ 18} The magistrate also denied appellant's petition for writ of habeas corpus. Specifically, the magistrate determined that appellant's writ should be denied because he could have petitioned the court to participate "by telephone conference or deposition[.]" In addition, the magistrate concluded that a writ of habeas corpus was not appropriate, as appellant's presence at the hearing would require his step-daughter "to suffer the trauma of confrontation with the man who abused her."
 {¶ 19} On January 9, 2004, the court issued a judgment entry overruling appellant's objections to the magistrate's decision of November 24, 2003. First, the court noted that a transcript of the hearing had not been filed. The court proceeded to find that appellant's father, as a lay third-party, was prohibited from representing his son at the hearing and that appellant had ample time to obtain a lawyer, despite his incarceration and indigency. Finally, the court determined that costs were appropriately assessed to appellant as he "invoked the jurisdiction of this Court and was not prepared to proceed[.]" After overruling appellant's objections, the court adopted the magistrate's decision in its entirety.
 {¶ 20} On January 20, 2004, appellant filed timely pro se objections to the January 7, 2004 magistrate's decision. Appellant again objected to the magistrate's failure to allow Donald to represent him at the hearing, despite the power of attorney. Next, appellant objected to the denial of his writ of habeas corpus, arguing that he was denied his right to confront witnesses. Finally, appellant objected to the court's grant of appellee's motion to modify, contending that the magistrate's decision to modify was an abuse of discretion and was not in the child's best interest.
 {¶ 21} On February 4, 2004, the court issued a judgment entry overruling appellant's objections to the January 7, 2004 magistrate's decision. The court first noted that appellant had again failed to file a transcript of the December 29, 2003 magistrate hearing. Next, the court found that appellant's petition for writ of habeas corpus was properly denied, as appellant had cited to inapplicable statutory provisions and because Ohio's Revised Code did not recognize a writ of habeas corpus adtestificandum. Moreover, appellant's objection with respect to the magistrate's decision to modify his parenting time was overruled. The court found that appellant's failure to supply a transcript of the January 7, 2004 magistrate hearing prohibited any objection to the magistrate's factual conclusions and rendered appellant's objection to the modification not well-taken. After overruling appellant's objections, the court adopted the magistrate's decision in its entirety.
 {¶ 22} Appellant, acting pro se, filed two separate, timely notices of appeal from the court's January 9, 2004 judgment entry and the court's February 4, 2004 judgment entry. We have consolidated this matter and will now review appellant's seven assignments of error, to wit:
 {¶ 23} "[1.] The Court erred by denying defendants [sic] petition for Writ of Habeas Corpus Ad-Testificandum.
 {¶ 24} "[2.] The Court erred by denying Defendants [sic] request to have his father Donald Savage appear in court on his behalf on the Motion to Show Cause. A violation of Defendants [sic] Constitutional Rights of the First and Fourteenth Amendment, and against Defendants [sic] Constitutional Rights to have best friend stand in the First and Fourteenth Amendment, and against Defendants [sic] Civil Right to have best friend stand in.
 {¶ 25} "[3.] The Court erred by the denial of Defendant's Motion of Continuance."
 {¶ 26} "[4.] The Court erred by dismissing Defendants [sic] Motion to Show Cause for lack of Prosecution.
 {¶ 27} "[5.] The court erred by charging cost to defendant.
 {¶ 28} "[6.] The court erred by granting Plaintiff's Motion to Modify Parenting Time, and the termination of Defendants [sic] Parenting Time was unreasonable, arbitrary and unconscionable.
 {¶ 29} "[7.] The court erred by denying defendant his Due Process Rights and depriving him of his liverty [sic]."
 {¶ 30} We recognize that appellant has been representing himself in this matter and has done so since the filing of his motion to show cause. This, however, does not excuse any procedural or substantive error made by appellant while representing himself. Pro se litigants are held to the same standard as other litigants and are not entitled to special treatment. Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363.
 {¶ 31} With that in mind, the record in this case shows that appellant failed to provide a transcript or suitable substitute with his objections to both the November 25, 2003 magistrate's decision and January 7, 2004 magistrate's decision. Thus, appellant is prohibited from challenging the factual conclusions of the magistrate. Civ.R. 53(E)(3)(b) provides that "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 WL 1738366, at 3. This court has repeatedly held that if the objecting party fails to provide either of the above in support of his or her objections, they are "precluded from arguing factual determinations on appeal." Yancey v. Haehn
(Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 WL 263757, at 2.
 {¶ 32} In the case at bar, appellant failed to include a transcript of the two relevant magistrate hearings, or suitable substitutes, with the lower court. We are unable to consider anything that was not before the lower court when it overruled appellant's objections and ultimately adopted the magistrate's decision. See, e.g., Mauerman v. Mauerman, 11th Dist. No. 2002-T-0049, 2003-Ohio-3876, at ¶ 14.[1]
 {¶ 33} Moreover, pursuant to App.R. 9(B), it is the appellant's duty to file a transcript of the lower court's proceedings with the appellate court. App.R. 9(B) specifically states that "if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Even if formal transcripts of these proceedings were unavailable, appellant had the duty, pursuant to App.R. 9(C), to file a statement of the evidence with this court.
 {¶ 34} Here, appellant failed to file a transcript of the magistrate hearings or a statement of the evidence with this court. Such failure precludes appellant from contesting the lower court's findings or conclusions as being unsupported by the evidence or contrary to the weight of the evidence.
 {¶ 35} Nevertheless, even if appellant had filed a transcript with this court, we would be precluded from reviewing the transcript due to his failure to file a transcript with the trial court. Despite these procedural deficiencies, the lower court was still required to examine the magistrate's decisions and determine whether there was an error of law or defect on the face of the decisions. Civ.R. 53(E)(4)(a). Here, after reviewing the magistrate's decisions, the trial court found no error of law or defect on the face of said decisions. Our own review of the magistrate's decisions shows that the magistrate fully complied with the procedural requirements of Civ.R. 53 and, therefore, there is no defect on the face of the magistrate's decisions.
 {¶ 36} That being said, we will review appellant's assignments of error with the limited intent of determining whether the magistrate made any error of law. Under his first assignment of error, appellant argues that the court erred in denying his petition for a writ of habeas corpus ad-testificandum. In support of his argument, appellant contends that, as a prisoner, he is afforded the right to appear in a civil proceeding by way of a writ of habeas corpus ad-testificandum. Furthermore, appellant maintains that the court's denial of his petition deprived him of the right to confront witnesses.
 {¶ 37} The magistrate's decision relied upon Pegan v.Crawmer (1996), 76 Ohio St.3d 97, in concluding that "[h]abeaus corpus relief is the exception rather than the general rule, and the writ will ordinally [sic] be denied if there is an adequate remedy in the ordinary course of the law." A review of Pegan
validates the magistrate's general conclusions regarding habeas corpus relief. Thus, there is no error of law with respect to the magistrate's application of Pegan.
 {¶ 38} More importantly, the magistrate found, "[a] prisoner in Ohio does not have an absolute right to be transported to a civil proceeding in which he is a party. In determining whether to grant the writ, the Court should weigh such matters as the importance of testimony, expense of appearance, conditions of security, interest of prisoner in presenting testimony in person, and presence of alternative. See, In re Colburn (1987),30 Ohio St.3d 141. Here, * * * Magistrate finds that the `right' of [appellant] to attend the hearing is out-weighed by the other factors, including the `right' of the State to keep him incarcerated. See, Mancino v. Lakewood (1987),36 Ohio App.3d 219."
 {¶ 39} Again, our review of the cases relied upon by the magistrate demonstrates no error of law. It is well-settled that a prisoner does not have an absolute right to a writ of habeas corpus which would require penal authorities to transport him to a civil proceeding. See, e.g., In re Maciulewicz, 11th Dist. No. 2002-A-0046, 2002-Ohio-4820. Instead, it is within the court's sound discretion to grant or deny a writ of habeas corpus predicated upon the aforementioned factors. Colburn at 142.
 {¶ 40} The magistrate's conclusions that there was a viable alternative, via a telephonic hearing, to appellant being transported to the hearing, and that appellant's interest in being transported to the hearing was outweighed by the state's interest in keeping him incarcerated, demonstrates that the magistrate properly applied the law. Moreover, appellant is precluded from challenging the factual determinations that were the basis of the magistrate's legal conclusions. Thus, appellant's first assignment of error is without merit.
 {¶ 41} Under his second assignment of error, appellant argues that the court erred in not allowing Donald to represent him at the hearing. Appellant first challenges the constitutionality of R.C. 4705.01, stating that its limitations on attorney representation are overly broad and vague. Moreover, appellant contends that Donald was an appropriate third party to represent him in court, based upon next friend standing.
 {¶ 42} We first note that appellant failed to raise a challenge or objection to the constitutionality of R.C. 4705.01
with the trial court. "Failure to raise at the trial court level the issue of constitutionality of a statute or its application * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, syllabus. See, also, State Farm Fire Cas. Co. v.Cleveland Elec. Illuminating Co., 11th Dist. No. 2003-L-032, 2004-Ohio-3506, at ¶ 15. Thus, we will not consider appellant's constitutional challenge to R.C. 4705.01.
 {¶ 43} Likewise, although appellant stated a general objection to the magistrate's decision to preclude Donald from representing him at the hearing, no specific or particular objection was made raising the issue of next friend standing. Civ.R. 53(E)(3)(b) requires a party to make specific objections to a magistrate's decision, and the failure to object constitutes waiver on appeal of any matter that could have been raised by objection. Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 23. Accordingly, appellant has waived his right to raise the issue of next friend standing on appeal, and we will forego an examination of this issue.
 {¶ 44} Furthermore, both magistrate decisions determined that appellant was not represented by an attorney at the hearings. The January 7, 2004 magistrate decision specifically stated that Donald was present at the hearing, but was not permitted to act as appellant's attorney.
 {¶ 45} The decision of the magistrate to prohibit Donald from representing appellant is in accord with the well-established law which generally permits only a licensed attorney to represent another party in a legal proceeding. Cuyahoga Cty. Bar Assn. v.Spurlock, 96 Ohio St.3d 18, 2002-Ohio-2580, at ¶ 8. Moreover, a power of attorney does not give an unlicensed individual the authority to act as an attorney on the behalf of another party. Id. at ¶ 9. Thus, the magistrate did not make an error of law by prohibiting Donald from acting as appellant's attorney. Appellant's second assignment of error is without merit.
 {¶ 46} Under his third assignment of error, appellant asserts that the court erred in denying his motion for continuance. Appellant maintains that the motion to continue was made in good faith and was not an attempt to delay the hearing.
 {¶ 47} The November 25, 2003 magistrate's decision denied appellant's request for an extension of time to obtain an attorney for the motion to show cause hearing. The magistrate's denial of the continuance was predicated upon his finding that the motions to show cause had been pending for four months prior to the request for an extension of time and that the motions were submitted by appellant. Thus, the magistrate determined that appellant had ample time to obtain an attorney.
 {¶ 48} The grant or denial of a continuance is a matter that is left to the sound discretion of the trial court. State v.Lorraine (1993), 66 Ohio St.3d 414, 423. The standard of review on appeal is whether the trial court abused its discretion.State v. Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "To determine whether the trial court abused its discretion, a reviewing court must weigh the potential prejudice to the defendant against the trial court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." In re Zak,
11th Dist. Nos. 2001-L-216, 2001-L-217 and 2001-L-218, 2003-Ohio-1974, at ¶ 29. Some of the objective factors that a reviewing court should consider include the following:
 {¶ 49} "`* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.'" In re Dietrich (Dec. 12, 1997), 11th Dist. No. 96-G-2020, 1997 Ohio App. LEXIS 5561, at 5, quoting Unger at 67-68.
 {¶ 50} Here, the magistrate appropriately found that appellant contributed to the circumstances which gave rise to the request for a continuance; namely, his failure to obtain an attorney within four months of filing his motions to show cause. The magistrate's decision in this regard was in accordance with the aforementioned law. Thus, there is no error of law. Appellant's third assignment of error is without merit.
 {¶ 51} Under his fourth assignment of error, appellant argues that the court erred by dismissing his motion to show cause for lack of prosecution. Specifically, appellant contends that the trial court's dismissal for failure to prosecute was an "adverse opinion without full knowledge or complete examination of the facts[.]" Moreover, appellant maintains that the dismissal resulted in substantial prejudice.
 {¶ 52} As mentioned previously, appellant's failure to file a transcript or statement of the evidence with this court precludes him from assigning an error on appeal which argues that the judgment of the lower court was not supported by the facts. Accordingly, appellant has waived any factual challenge to the court's dismissal of his motions to show cause. Thus, his fourth assignment of error is without merit.
 {¶ 53} Moreover, the magistrate's decision resulted in minimal prejudice to appellant. In particular, the magistrate and court dismissed the motions to show cause without prejudice.
Thus, appellant may refile his motion to show cause at a later date when he obtains or is appointed an attorney to represent him. See, e.g., Civ.R. 41(B)(3).[2]
 {¶ 54} Under his fifth assignment of error, appellant argues that the court erred in charging him costs. Specifically, appellant's argument, in its entirety, states, "[t]he court erred by charging Defendant cost after unjustly dismissing defendant's motion to show cause."
 {¶ 55} Appellant has failed to include any citations to authorities in support of his contention. App.R. 16(A)(7) provides that appellant shall include in its brief "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." See, also, Loc.R. 12(C)(4).
 {¶ 56} This court "may disregard an assignment of error presented for review" if the party raising it fails to comply with the above requirements. App.R. 12(A)(2). Because appellant has failed to support his fifth assigned error with citations to relevant authorities and statutes, we will forego any further analysis. Appellant's fifth assignment of error is without merit.
 {¶ 57} Furthermore, it is clear that appellant's general contention is predicated upon a determination that the motions to show cause were unjustly dismissed. As stated previously, appellant's motions to show cause were properly dismissed by the magistrate. For this additional reason, appellant's fifth assignment of error is without merit.
 {¶ 58} Under his sixth assignment of error, appellant contends that the court erred in granting appellee's motion to modify. In support of this contention, appellant argues that the court's decision to grant the modification was unreasonable, arbitrary, and unconscionable. Appellant submits that the record is devoid of any evidence which established his correspondence with the children via the mail or telephone was not in their best interests.
 {¶ 59} To recapitulate, appellant's failure to provide this court with transcripts or a statement of the evidence relating to the relevant magistrate hearing prohibits any assigned error as to whether the magistrate's decision was supported by the evidence. Thus, because appellant's sixth assignment of error requires an examination of evidence and testimony that is not part of the record, we are unable to review the assigned error and must presume the regularity of the lower court's proceedings. Appellant's sixth assignment of error is without merit.
 {¶ 60} Under his seventh assignment of error, appellant argues that the court violated his constitutional due process and liberty rights. Appellant again maintains that the court erred in refusing to allow appellant to appear to represent himself during the magistrate's hearings.
 {¶ 61} We previously held that appellant did not have an absolute right to be transported from prison to attend a civil proceeding. Instead, it was within the trial court's discretion to determine whether the state was required to transport appellant to the civil proceeding. The magistrate adequately determined that there were viable alternatives to appellant's presence at the hearing and appellant's interest in attending was outweighed by the state's interest in keeping him incarcerated. Thus, appellant's constitutional due process and liberty rights have not been violated. Appellant's seventh assignment of error is without merit.
 {¶ 62} Based upon the foregoing analysis, appellant's seven assignments of error are without merit. We hereby affirm the trial court's judgments.
Ford, P.J., O'Neill, J., concur.
[1] We note that appellant filed an alleged affidavit with the court attesting to his attempt to obtain a transcript of the November 24, 2003 magistrate hearing. This purported affidavit, however, was not notarized and, therefore, did not satisfy the definition of an affidavit under R.C. 2319. Accordingly, this was an unsworn statement and may not be considered as an affidavit. See, e.g., Celinski v. Benke (Nov. 29, 1996), 11th Dist. No. 95-A-0030, 1996 Ohio App. LEXIS 5396.
[2] We note that the court's subsequent modification of appellant's parenting time does not render his motion to show cause moot, as the parenting time prior to the modification required appellee to allow appellant to contact the children via telephone or mail.