OPINION
{¶ 1} The following appeal is submitted on the briefs of the parties. Pro se appellant, Daniel R. Desellems, appeals from a judgment entry of the Lake County Court of Common Pleas, denying his motion to withdraw his guilty plea and his motion to strike the state's response to his motion to withdraw. For the reasons that follow, we affirm.
 {¶ 2} On October 10, 1986, appellant was indicted by the Lake County Grand Jury on three counts of aggravated murder, each a first degree felony, in violation of R.C. 2903.01, and one count of aggravated arson, a first degree felony, in violation of R.C. 2909.02. Appellant initially pleaded not guilty to the foregoing counts.
 {¶ 3} Prior to a scheduled jury trial, appellant filed an affidavit with the Ohio Supreme Court to disqualify the presiding judge, Paul H. Mitrovich ("Judge Mitrovich"), alleging that Judge Mitrovich was unfairly prejudiced against him. The Supreme Court issued a judgment entry disqualifying Judge Mitrovich from further participation in this matter. The Court did not find that Judge Mitrovich was prejudiced against appellant; rather, Judge Mitrovich was disqualified to avoid "even the appearance of any prejudice or impropriety[.]" Consequently, a new presiding judge was assigned to this case.
 {¶ 4} On November 4, 1987, appellant entered a written guilty plea. In exchange for his guilty plea, the state agreed to reduce the charges against appellant, to wit: (1) one count of murder, a first degree felony in violation of R.C. 2929.02; and (2) two counts of aggravated involuntary manslaughter, each a first degree felony in violation of R.C. 2903.04(A). The court entered a nolle prosequi for the aggravated arson charge.
 {¶ 5} During a change of plea hearing, appellant was advised of his constitutional and non-constitutional rights incident to trial. Appellant notified the court that he understood his constitutional and non-constitutional rights, and that his guilty plea would result in a waiver of those rights.
 {¶ 6} Following the plea hearing, on November 9, 1987, the court accepted appellant's guilty plea and issued a judgment entry convicting appellant of one count of murder and two counts of aggravated involuntary manslaughter. Appellant was sentenced to an indefinite prison term of fifteen years to life on the single count of murder and prison terms of five to twenty-five years on each of the two counts of aggravated involuntary manslaughter. The prison terms for aggravated involuntary manslaughter were to run concurrently to each other and consecutively to the indefinite prison term for murder.
 {¶ 7} Approximately ten years later, appellant filed a pro se motion to withdraw his guilty plea. Appellant argued that his counsel at the plea hearing was incompetent and allowed him to enter a coerced guilty plea. Judge Mitrovich was initially assigned to decide appellant's motion to withdraw. However, at Judge Mitrovich's request, the motion to withdraw was reassigned to another judge.
 {¶ 8} The trial court ultimately denied appellant's motion to withdraw his guilty plea. Appellant appealed to this court, and we affirmed the denial of his motion to withdraw. State v. Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458.
 {¶ 9} On October 10, 2003, appellant filed a second pro se motion to withdraw his guilty plea. Appellant's second motion to withdraw maintained that the Ohio Adult Parole Authority ("APA") breached the terms of his plea agreement by adopting new standards regarding parole eligibility. Specifically, appellant claimed that the APA's application of these new standards increased the time for his parole eligibility, thereby breaching the plea agreement. Thus, appellant requested that his guilty plea be withdrawn.
 {¶ 10} On December 4, 2003, appellant filed a "motion for judgment on the pleadings," based upon the state's failure to respond to his motion to withdraw his guilty plea. Shortly thereafter, the state filed a response to appellant's motion to withdraw.
 {¶ 11} Appellant filed a motion to strike the state's response because the response was filed more than thirty days beyond the date his motion to withdraw was filed. The state replied and notified the court that it was not served with the motion to withdraw.
 {¶ 12} Judge Mitrovich issued a judgment entry denying appellant's "motion for judgment on the pleadings;" motion to strike the state's response; and motion to withdraw his guilty plea. With respect to the motion to withdraw, Judge Mitrovich found that appellant failed to establish any evidence of an agreement as to parole eligibility or length of prison term. He further determined that the trial court had "no authority to tamper with discretionary decisions by the [APA]."
 {¶ 13} From this judgment, appellant filed a timely notice of appeal and now sets forth the following three assignments of error:
 {¶ 14} "[1.] To the prejudice of the appellant, the trial court committed plain error, abused its discretion and violated appellant's due process rights and equal protection rights when Judge Paul H. Mitrovich conducted proceedings in the appellant's case when the judge dismissed appellant's Crim.R. 32.1 motion to correct a manifest injustice in direct violation of the Ohio Supreme Court's order of June 16, 1987.
 {¶ 15} "[2.] To the prejudice of the appellant, the trial court committed plain error and abused its discretion and violated appellant's due process rights and equal protection rights under Layne v. Ohio AdultParole Auth., 97 Ohio St.3d 456, * * * the Fourteenth Amendment to the United States Constitution and Article One of the Ohio Constitution, when the trial court based its findings on appellant's waiver of rights and the court's compliance with Crim.R. 11 more than thirteen years before the breach of the plea agreement.
 {¶ 16} "[3.] To the prejudice of appellant, the trial court committed plain error, abused its discretion and violated appellant's procedural due process right and equal protection right of the Fourteenth Amendment to the United States Constitution and Article One of the Ohio Constitution when the trial court failed to grant appellant's motion for judgment on the proceedings, by not ruling the prosecutor's response moot as being time barred, refused to allow the appellant to respond to the prosecutor's response before ruling on the Crim.R. 32.1 motion and making its findings of the case."
 {¶ 17} At the outset, we note that appellant, as a pro se litigant, is presumed to have knowledge of the law and of correct legal procedure.Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363. Appellant's pro se status does not entitle him to special treatment as he is held to the same standards as other represented litigants. Id. Thus, procedural or substantive errors made by appellant will not be excused due to his self representation. Id. See, also, Savage v. Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, at ¶ 30.
 {¶ 18} For the sake of clarity, we will discuss appellant's assignments of error out of order. Under his third assignment of error, appellant argues that the trial court erred in dismissing his motion to strike the state's response to his motion to withdraw the guilty plea. Appellant maintains that the state's excessively late response violated his procedural due process rights.
 {¶ 19} The record demonstrates that appellant failed to properly serve the state with a copy of his motion to withdraw. Pursuant to Crim.R. 49(A), written motions "shall be served upon each of the parties." Service of a motion shall be made upon the party in the manner provided under Civ.R. 5(B). Crim.R. 49(B). The methods for proper service under Civ.R. 5(B) include personal service and service via ordinary mail.
 {¶ 20} A presumption of proper service exists where the record reflects that the foregoing rules pertaining to service have been followed. State v. Monroe (June 14, 2000), 4th Dist. No. 99CA632, 2000 Ohio App. LEXIS 2745, at 13. This presumption may be rebutted by adequate evidence in the record establishing that a party failed to adhere to the rules of service. Id. citing Grant v. Ivy (1980), 69 Ohio App.2d 40, paragraph one of syllabus. A party's failure to attach a certificate of service to their motion is sufficient to establish failure of service.Monroe at 14.
 {¶ 21} Here, appellant's motion to withdraw failed to include a certificate of service verifying proper service and notice to the state of the motion's filing. Moreover, the state's response to appellant's motion to strike noted that it had not been served with appellant's motion to withdraw. Appellant's failure to serve the state with the motion to withdraw precludes him from challenging the state's response as untimely. Thus, the trial court did not err in dismissing appellant's motion to strike. Appellant's third assignment of error is without merit.
 {¶ 22} Appellant's second assignment of error contends that Judge Mitrovich improperly denied the motion to withdraw. In doing so, appellant argues that, per Layne v. Ohio Adult Parole Authority,97 Ohio St.3d 456, 2002-Ohio-6719, the APA was bound by the terms of his plea agreement with the state. Thus, appellant contends that changes to the APA guidelines, which extended his time for parole eligibility, resulted in a breach of the plea agreement.
 {¶ 23} Appellant's motion to withdraw his guilty plea as part of thiscriminal matter is not a proper remedy to challenge the APA's application of its parole eligibility guidelines. See, e.g., State v. Hall, 11th Dist. No. 2003-T-0114, 2004-Ohio-6471, at ¶ 54. The APA is not a party to this criminal appeal, and the trial court had no authority to review the APA's application of its guidelines. Id. The proper remedy in the instant case would be a civil action for a declaratory judgment. Id. at ¶ 53, citing Hattie v. Anderson (1994), 68 Ohio St.3d 232, 235, (A civil declaratory judgment is the proper remedy to determine whether the application of APA guidelines was proper.).
 {¶ 24} That being said, appellant's motion to withdraw his guilty plea was simply the improper vehicle to obtain the relief requested. Accordingly, appellant's second assignment of error is without merit.
 {¶ 25} Moreover, an examination of the written guilty plea and change of plea hearing demonstrates the state made no promise to appellant regarding when or if he would be paroled, or what guidelines would be applied by the APA. State v. Bush, 11th Dist. No. 2004-T-0003,2005-Ohio-1898, at ¶ 23. See, also, State v. Calhoun, 11th Dist. No. 2001-L-021, 2002-Ohio-3371, at ¶ 23, (The written plea agreement failed to indicate that the defendant's release or the guidelines to be used by the APA for parole eligibility were terms of the agreement and, therefore, the plea agreement was not breached.). Thus, for this additional reason, appellant's second assignment of error is without merit.
 {¶ 26} Under his first assignment of error, appellant contends that the motion to withdraw was improperly denied by Judge Mitrovich, as Judge Mitrovich had previously been disqualified from this matter. Thus, appellant requests that we reverse the court's denial of his motion to withdraw and remand this matter for another judge to review the motion.
 {¶ 27} Pursuant to R.C. 2701.03(B), a party may submit an affidavit of disqualification with the Ohio Supreme Court to disqualify a judge from presiding over a matter before the common pleas court. The Chief Justice of the Supreme Court, or a Justice designated by the Chief Justice, may review the affidavit and disqualify a common pleas court judge predicated upon a showing of prejudice or to avoid the appearance of impropriety. See, e.g., State v. Loring, 100 Ohio St.3d 1226, 2002-Ohio-7476.
 {¶ 28} Here, the record clearly demonstrates that, prior to his guilty plea, appellant filed an affidavit with the Supreme Court requesting the disqualification of Judge Mitrovich. Shortly thereafter, Chief Justice Moyer issued a judgment entry which stated the affidavit failed to establish any bias or prejudice. Nevertheless, Judge Mitrovich was disqualified from further participation in this matter as to avoid even the appearance of impropriety.
 {¶ 29} Despite the lapse of approximately eighteen years, the record establishes that Judge Mitrovich was precluded from participating in any further proceedings related to the instant matter. We agree with appellant that it was error for Judge Mitrovich to render a decision with respect to appellant's motion to withdraw his guilty plea.
 {¶ 30} However, it is clear such error is harmless as appellant's motion would be necessarily denied given the legal precedent at issue in this matter, regardless of the presiding judge. We anticipate Judge Mitrovich will not hear any further motions in this case. Because such error was harmless, appellant's first assignment of error is without merit.
 {¶ 31} Based upon the foregoing analysis, appellant's three assignments of error are without merit. We hereby affirm the judgment of the trial court.
O'Neill, J., Grendell, J., concur.