OPINION
{¶ 1} Pro se appellant, Syrron Lewis, appeals from a judgment entry of the Lake County Court of Common Pleas, denying his motion to vacate payment of court costs and/or fines pursuant to R.C. 2929.51(F).
 {¶ 2} Following his indictment on various charges, appellant withdrew his not guilty plea and pled guilty to two counts of vehicular assault, each a fourth degree felony in violation of R.C. 2903.08(A)(2), and one count of receiving stolen property, a fourth degree felony in violation of R.C. 2913.51(A). The court accepted appellant's guilty plea and convicted him on the foregoing counts.
 {¶ 3} This matter proceeded to a sentencing hearing, and the trial court issued a sentencing entry on March 8, 2002. The court sentenced appellant to a twelve month prison term on each of the three counts, with the terms to run consecutively. The entry further stated, "[appellant] is ordered to pay all court costs and all costs of prosecution in an amount certified by the Lake County Clerk of Courts. [Appellant] is further ordered to pay any supervision fees as permitted pursuant to R.C. 2929.18(A)(4)."
 {¶ 4} On November 4, 2004, appellant filed a pro se motion to vacate payment of court costs and/or fines pursuant to R.C.2929.51(F). Appellant's motion argued that the court-ordered fines and costs should be vacated due to his indigency, and the undue hardship the fines and costs would cause upon his release from prison.
 {¶ 5} On December 2, 2004, the trial court denied appellant's motion to vacate payment of court costs and/or fines. From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 6} "The trial court abused its discretion when it denied the defendant-appellant the suspension of fines and or costs without making specific findings regarding his ability to pay a fine."
 {¶ 7} Under his sole assignment of error, appellant argues that the trial court abused its discretion by denying his request to suspend the court-ordered costs. He contends that R.C.2929.51(F) required the court to vacate costs for the reasons set forth in his November 4, 2004 motion.
 {¶ 8} At the outset, we note that appellant, as a pro se litigant, is presumed to have knowledge of the law and of correct legal procedure. State v. Desellems, 11th Dist. No. 2004-L-057,2005-Ohio-4334, at ¶ 17. Appellant's pro se status does not entitle him to special treatment as he is held to the same standards as other represented litigants. Id. Thus, procedural or substantive errors made by appellant will not be excused due to his self-representation. Id. See, also, Savage v. Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, at ¶ 30.
 {¶ 9} That being said, we note that R.C. 2929.51 was effectively repealed prior to appellant moving for vacation of his fines and costs. Moreover, former R.C. 2929.51 does not contain a division (F). Thus, appellant's reliance upon a repealed, non-existent statutory section is improper.
 {¶ 10} Furthermore, an examination of former R.C. 2929.51
reveals the following pertinent language:
 {¶ 11} "(C) At the time of sentencing and after sentencing,when a fine is imposed for a misdemeanor, the court may do either of the following:
 {¶ 12} "(1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender[.]" (Emphasis added.)
 {¶ 13} The plain language of former R.C. 2929.51(C) established that it was only applicable to fines issued for misdemeanors. See, e.g., State v. Costa (Sept. 3, 1999), 99CA0014, 1999 Ohio App. LEXIS 4051, at 2. Here, the court costs were issued as part of appellant's conviction on three separatefelony counts. Thus, former R.C. 2929.51(C) is inapplicable.
 {¶ 14} Moreover, former R.C. 2929.51(C) only considered the suspension of a fine, rather than court costs. There is a clear distinction between court costs and fines. The Ohio Supreme Court has stated, "* * * a major distinction between fines and costs exists. In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines."Stratlman v. Studt (1969), 20 Ohio St.2d 95, at 102.
 {¶ 15} In the instant case, the court did not issue a fine against appellant as contemplated by former R.C. 2929.51(C). Instead, the court simply ordered appellant to pay court costs. For this additional reason, former R.C. 2929.51(C) is inapplicable, and the trial court did not abuse its discretion by denying appellant's motion.
 {¶ 16} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm the judgment of the trial court.
Grendell, J., Rice, J., concur.