OPINION
{¶ 1} Appellant, Tiffany Kress, appeals from the May 31, 2007 judgment entry of the Girard Municipal Court, in which she was found guilty of and fined for speeding.
 {¶ 2} On January 5, 2007, appellant was issued a traffic citation for speeding, a minor misdemeanor, in violation of R.C. 4511.21(C). On January 19, 2007, appellant entered a not guilty plea.
 {¶ 3} A bench trial was held on May 31, 2007.[1] *Page 2 
 {¶ 4} At the bench trial, Trooper James Quinlan ("Trooper Quinlan"), with the Ohio State Highway Patrol, testified for appellee, the state of Ohio, that he was on duty on January 5, 2007. At approximately 8:30 a.m., he noticed appellant's vehicle traveling southbound on State Route 62, Hubbard Township, Trumbull County, Ohio. Because appellant's vehicle appeared to be driven at a high rate of speed, Trooper Quinlan clocked her with a K-55 radar unit traveling at the rate of fifty-nine miles per hour in a posted forty-five miles per hour zone. He indicated that he is certified to operate the radar device that he used on January 5, 2007. Trooper Quinlan stated that he personally calibrated the radar prior to going out on the morning at issue, and that it was in fine working order. Trooper Quinlan performed a stop of appellant's vehicle. He testified that she was upset, said that she was not speeding, and asked why he was hassling her. At that time, Trooper Quinlan gave her a ticket for speeding.
 {¶ 5} Pursuant to its May 31, 2007 judgment entry, the trial court found appellant guilty of speeding, a minor misdemeanor, in violation of R.C. 4511.21(C). Appellant was fined $150 plus costs. Her sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[2]
 {¶ 6} "[1.] The trial court erred by taking judicial notice of the accuracy and reliability of the laser device. *Page 3 
 {¶ 7} "[2.] The trial court erred by allowing testimony that was inadmissible.
 {¶ 8} "[3.] The trial court erred by not providing all of the elements of the offense beyond a reasonable doubt.
 {¶ 9} "[4.] The trial court should have dismissed the charges against [appellant]."
 {¶ 10} In her first assignment of error, appellant argues that the trial court erred by taking judicial notice of the accuracy and reliability of the laser device.
 {¶ 11} The taking of judicial notice is governed by Evid.R. 201. Under Evid.R. 201(B), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The scientific reliability of a laser device is the type of fact that a trial court may judicially notice.Cincinnati v. Levine, 158 Ohio App.3d 657, 2004-Ohio-5992, at ¶ 8, citing Columbus v. Dawson (Mar. 14, 2000), 10th Dist. No. 99AP-589, 2000 Ohio App. LEXIS 951.
 {¶ 12} "Establishing the reliability of a speed-measuring device can be accomplished for future cases by (1) a reported municipal court decision; (2) a reported or unreported case from the appellate court; or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record." Levine, supra, at ¶ 10. (Citations omitted.)
 {¶ 13} In the present case, although appellant alleges that the trial court erred by taking judicial notice of the accuracy and reliability of the K-55 radar device, a thorough review of the record before us does not establish that the court took judicial notice of *Page 4 
anything. Specifically, the following exchange took place at the May 31, 2007 bench trial between the prosecutor, Trooper Quinlan, appellant and the trial judge:
 {¶ 14} "[PROSECUTOR] Q. And so you activated — was your radar activated? Can you tell the Court the procedures as far as activating the radar?
 {¶ 15} "[TROOPER QUINLAN] A. It's a K-55 Radar calibrated at the beginning of my shift, at the end of my shift, and any time that I felt it wasn't operating properly I would check the calibration to make sure the radar was working properly, basically.
 {¶ 16} "[APPELLANT]: Your Honor, I object.
 {¶ 17} "THE COURT: What is the basis of the objection?
 {¶ 18} "[APPELLANT]: As far as the radar, there's been no affirmative scientific judicial notice. This is not a Stationary Radar, this is called a `Moving Radar'.
 {¶ 19} "THE COURT: Judicial notice isn't applicable. What the prosecutor is doing at this stage of the proceeding is qualifying, not only the particular witness —
 {¶ 20} "[APPELLANT]: There's been no scientific —
 {¶ 21} "THE COURT: Two things must be qualified in order to give the radar a good reading.
 {¶ 22} "First it must be in good proper working order and secondly —
 {¶ 23} "[APPELLANT]: There's been no scientific accuracy as to the record. So you're taken (sic) judicial notice as to the accuracy where none exists.
 {¶ 24} "THE COURT: I'm not taking judicial notice of anything right now.
 {¶ 25} "[APPELLANT]: Please note my objections.
 {¶ 26} "[THE COURT]: I note it. You can be seated." *Page 5 
 {¶ 27} "Expert testimony or judicial notice of the construction and accuracy of moving radar devices is required to sustain conviction based on a reading from such device." Mentor v. Becka (Jan. 12, 1990), 11th Dist No. 88-L-13-146, 1990 Ohio App. LEXIS 62, at 2. "`Judicial notice of the accuracy or dependability of a K-55 radar device may not be taken when the trial court has never in any case previously before it received expert evidence and determined that the device is dependable and accurate, and such issue has not been passed upon by the appellate court.'" Id. at 3, quoting State v. Freeman (1985), 24 Ohio Misc.2d 7, at paragraph two of the syllabus.
 {¶ 28} We note that the Chardon Municipal Court in State v.Newman (May 7, 1984), Case No. 84-TR-D-695, took judicial notice that K-55 radar in moving mode is scientifically reliable in the detection of the speed of on-coming vehicles. See, also, State v. Bayus, 11th Dist. No. 2005-G-2634, 2006-Ohio-1684, at ¶ 15.
 {¶ 29} Here, the trial court's failure to take judicial notice was error. However, we determine the error to be harmless. We have already taken judicial notice in Bayus, supra, that K-55 radar in moving mode is scientifically reliable in the detection of the speed of on-coming vehicles.
 {¶ 30} In addition, we note that in order for a person to be convicted of speeding based on radar evidence, evidence must be introduced that the device is scientifically reliable, that it is in good working condition, as well as accurate, and that the officer who used the device is qualified to administer it. East Cleveland v. Ferell (1958),168 Ohio St. 298, 301.
 {¶ 31} The state established through Trooper Quinlan's testimony that he was qualified to use the radar unit, and that it was properly working on the day at issue. *Page 6 
Trooper Quinlan stated that he had been a trooper for over twenty-four years. He further testified that he was trained and certified to operate the radar unit. He also indicated that he calibrated the unit at the beginning and end of his shift on the day in question, and that it was in good working condition.
 {¶ 32} Further, Trooper Quinlan described the incident that led to the citation in great detail. He observed appellant at what he believed to be at a rate of speed in excess of the posted speed limit. Trooper Quinlan indicated that he believed appellant to be speeding based on his years of experience, training, and perception. Upon visually observing appellant speeding, Trooper Quinlan testified that he activated the K-55 radar unit on appellant's vehicle, and clocked her traveling at the rate of fifty-nine miles per hour in a posted forty-five miles per hour zone.
 {¶ 33} The testimony of the officer who calibrated the radar device prior to its use is sufficient to demonstrate that a radar unit is properly calibrated. State v. Doles (1980), 70 Ohio App.2d 35, 39. Trooper Quinlan did just that. Also, this court has held that the officer's testimony with respect to his or her qualifications and experience, is sufficient to establish that he or she is qualified to use the radar device. State v. Schroeder (Sept. 8, 1995), 11th Dist. No. 95-G-1907, 1995 Ohio App. LEXIS 3910, at 4. Again, Trooper Quinlan testified to his extensive experience and training, establishing that he was qualified to use the unit.
 {¶ 34} Appellant's first assignment of error is without merit.
 {¶ 35} In her second assignment of error, appellant alleges that the trial court erred by allowing inadmissible testimony. She stresses that she was deprived of due *Page 7 
process, a fair trial, the right to confront her accusers, and the right to cross examine adverse witnesses.
 {¶ 36} Here, appellant has failed to present this court with any legal analysis or citations to legal authority that would support this assignment of error. App.R. 16(A)(7) provides that appellant shall include in her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for reviewand the reasons in support of the contentions, with citations to theauthorities, statutes, and parts of the record on which appellantrelies." (Emphasis added.) See, also, Loc.R. 16.
 {¶ 37} This court "may disregard an assignment of error presented for review" if the party raising it fails to comply with the foregoing requirements. App.R. 12(A)(2). Thus, appellant's failure to support her contention with any substantive legal analysis results in a waiver of her second assignment of error.
 {¶ 38} We note that appellant, as a pro se litigant, is presumed to have knowledge of the law and of correct legal procedure. State v.Desellems, 11th Dist. No. 2004-L-057, 2005-Ohio-4334, at ¶ 17. Appellant's pro se status does not entitle her to special treatment as she is held to the same standards as other represented litigants. Id. Thus, procedural or substantive errors made by appellant will not be excused due to her self-representation. Id. See, also, Savage v.Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, at ¶ 30.
 {¶ 39} Nevertheless, we determine, based on our review of the record, that the trial court did not err by allowing the testimony of Trooper Quinlan, and that appellant was not deprived of her due process rights. *Page 8 
 {¶ 40} Appellant's second assignment of error is without merit.
 {¶ 41} In her third assignment of error, appellant maintains that the trial court erred by not proving all of the elements of the offense beyond a reasonable doubt. She argues that her Crim.R. 29(A) motion for acquittal should have been granted. Appellant contends that Trooper Quinlan's testimony is not enough to sustain a conviction.
 {¶ 42} In her fourth assignment of error, appellant alleges that the trial court should have dismissed the charge for speeding against her. She argues that her Crim.R. 29(A) motion for acquittal should have been granted since the evidence was insufficient to sustain a conviction.
 {¶ 43} Because appellant's third and fourth assignments of error are interrelated, we will address them together.
 {¶ 44} Although appellant alleges that she made a Crim.R. 29(A) motion for acquittal, a review of the transcript from the bench trial does not support such a contention.
 {¶ 45} This court stated in State v. Perry, 11th Dist. No. 2004-L-077,2005-Ohio-6894, at ¶ 31-32:
 {¶ 46} "Generally, a defendant's failure to raise an alleged error with the lower court acts to waive the error on appeal. However, the Ohio Supreme Court has held that a defendant's not guilty plea preserves an argument relating to the sufficiency of the evidence for appeal.State v. Jones, 91 Ohio St.3d 335, 346 * * *. See, also, State v.Carter, 64 Ohio St.3d 218, 223 * * *. Thus, appellant's failure to move for acquittal did not waive [her] sufficiency argument on appeal. See, e.g., State v. Shadoan, 4th Dist. *Page 9 
No. 03CA764, 2004-Ohio-1756, at ¶ 16; Mayfield hits. v. Molk, 8th Dist. No. 84703, 2005-Ohio-1176.
 {¶ 47} "When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average trier of fact of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, * * * paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307 * * *." (Emphasis sic.) (Parallel citations omitted.)
 {¶ 48} To convict appellant of speeding, the state was required to show sufficient evidence of the following, pursuant to R.C. 4511.21(C):
 {¶ 49} "It is prima-facie unlawful for any person to exceed any of the speed limitations in divisions (B)(1)(a), (2), (3), (4), (6), (7), and (8) of this section, or any declared pursuant to this section by the director or local authorities and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section. * * *"
 {¶ 50} Here, the state provided sufficient evidence to establish that appellant was traveling in excess of the posted speed limit. Accordingly, the state provided sufficient evidence as to the R.C.4511.21(C) conviction.
 {¶ 51} Appellant's third and fourth assignments of error are without merit.
 {¶ 52} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Girard Municipal Court is affirmed. It is ordered that *Page 10 
appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] Appellant appeared at the bench trial pro se. She did not testify nor did she produce any evidence.
[2] On July 27, 2007, appellant requested findings of fact and conclusions of law. The trial court issued its findings of fact and conclusions of law on July 30, 2007. *Page 1