[Cite as *Timberlake v. Graham*, 2018-Ohio-1450.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| VILLAGE OF TIMBERLAKE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-077** |
| YOLANDA A. GRAHAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 2017 TRD 02388.

Judgment: Affirmed.

*Michael P. Germano*, City of Willoughby Hills Prosecutor, and *Nicholas D. Laudato*, 37265 Euclid Avenue, Willoughby, OH 44094 (For Plaintiff-Appellee).

*Yolanda A. Graham*, pro se, 267 Saint Lawrence Boulevard, Eastlake, OH 44095 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Yolanda A. Graham, appeals her conviction for speeding. She contends that the traffic citation should have been dismissed because she was denied proper discovery, the citation does not provide adequate notice of the offense, and the citing officer's trial testimony is insufficient to qualify him as an expert witness. We affirm.

{¶2} On the morning of April 10, 2017, Patrolman Lee Renton of the Village of Timberlake Police Department was observing traffic from a stationary position near the intersection of Lake Shore Road and East Shore Road. To detect speeding traffic, he

was using a Talon handheld radar gun.  At the beginning of his shift, he performed two tests on the radar gun to ensure proper functioning.

{¶3}    At 5:40 a.m., Patrolman Renton saw appellant's vehicle traveling west on Lake Shore Road.  Based on observation, he concluded it was traveling faster than the 35 m.p.h. posted speed limit.   He therefore activated the handheld radar and obtained a reading of 47 m.p.h.  He further testified that he tracked appellant's vehicle at 47 m.p.h. for three to five seconds.

{¶4}    Patrolman Renton stopped and issued her a citation despite her denial.

{¶5}    A pretrial was scheduled for May 10, 2017.  However, in submitting a written plea of not guilty, appellant expressly refused to waive speedy trial.  As a result, the trial court re-set her pretrial for May 3, 2017, and appellant's trial for May 10, 2017.

{¶6}    Appellant represented herself throughout proceedings.  On April 26, 2017, five days after filing her not guilty plea, she filed a demand for discovery, seeking information regarding, inter alia, the speed detection devices used in the police department vehicles.  In the certificate of service accompanying the demand, she certified that she hand-delivered a copy to the trial court; no reference was made as to service upon the prosecutor.

{¶7}    When appellant did not receive a discovery response by May 4, 2017, she moved the trial court to compel response.  Appellant failed to certify that she had served the motion upon the village prosecutor at his address.  Instead, she certified that she had delivered it to the prosecutor by leaving it with the trial court.

{¶8}    Appellant's trial went forward before a court magistrate on May 10, 2017. At the outset of the proceeding, the village prosecutor stated that he did not respond to her discovery demand because he did not become aware of it or the motion to compel

2

until that day.  Appellant asserted that the trial court clerk told her that she could obtain service upon the prosecutor by filing both documents with the trial court.  She maintained that proper service was made and moved to dismiss due to the prosecutor's failure to provide discovery.  Her motion was overruled due to improper service.

{¶9}   Nevertheless, the prosecutor offered to provide the information appellant requested in her discovery demand.  Thereafter, the magistrate asked appellant if she wanted a continuance to review the discovery.  Appellant declined, stating that she did not want to "negate" her constitutional right to a speedy trial.  The trial was immediately held with the prosecutor presenting Patrolman Renton as the state's sole witness.  In addition to cross examining the officer, appellant gave a statement under oath about the incident.  The magistrate found appellant guilty, noting that the officer's testimony concerning the reading of the radar gun was not controverted.  Appellant was fined $40 and ordered to pay court costs.

{¶10}  The magistrate issued written findings of fact and conclusions of law in accordance with appellant's request to which she objected.  In addition to challenging the denial of her motion to dismiss based upon a lack of discovery, she contended that the guilty verdict is not supported by sufficient evidence as the prosecutor failed to present a certificate verifying Patrolman Renton's training to operate the radar gun or determine her speed visually.  The trial court issued a separate judgment overruling the objections, finding appellant guilty of speeding, and ordering her to pay a $40 fine and court costs.

{¶11}  Appellant raises two assignments of error for consideration:

{¶12}  "[1.] The trial court abused its discretion and prejudiced the defendant when it violated the defendant's Sixth and Fourteenth Amendment rights to the U.S. Constitution and Article I, Section 10 and Section 16, Ohio Constitution by: (1) denying

3

the defendant her procedural due process rights prior to a deprivation of protected liberty rights and her right to present a defense; (2) failing to rule on the defendant's demand for discovery and motion to compel discovery pursuant to Crim.R. 16 and Traf.R. 11; and (3) failing to utilize the court's discretion to order a continuance sua sponte.

{¶13} "[2.] The trial court committed prejudicial error in finding the defendant guilty of violating the Village of Timberlake CO #434.04(A)(B)(3) when the findings and judgment of the trial court is unsupported by sufficient evidence, is against the manifest weight of the evidence and is contrary to law."

{¶14} Under her first assignment, appellant maintains that she was denied a fair trial when the magistrate required her to go forward without benefit of discovery from the village prosecutor. First, she argues that the magistrate erred in refusing to proceed on her discovery demand and motion to compel when she made a good faith effort to find the prosecutor's address for purposes of serving both documents. Citing Fed.R.Crim.P. 49, she contends that filing a copy of each document with the trial court is sufficient service. Second, she contends that the magistrate abused his discretion in failing to grant a sua sponte continuance so that she could have additional time to review discovery.

{¶15} Crim.R. 49 governs the service and filing of papers in a criminal case:

{¶16} "(A) Service: When Required. Written notices, requests for discovery, designation of record on appeal, written motions other than those heard ex parte, and similar papers, shall be served upon each of the parties.

{¶17} "(B) Service: How made. Whenever under these rules or by court order service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made in the manner

4

provided in Civil Rule 5(B).

{¶18} "(C) Filing. All papers required to be served upon a party shall be filed simultaneously with or immediately after service. Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and the manner of service and shall be signed and filed in the manner provided in Civil Rule 5(D)."

{¶19} Pursuant to Crim.R. 49(B), service of a discovery request or written motion must be completed upon the opposing attorney in accordance with Civ.R. 5(B). In turn, Civ.R. 5(B) delineates proper methods of service, which includes personal service and service via ordinary mail. *State v. Desellems*, 11th Dist. Lake No. 2004-L-057, 2005-Ohio-4334, ¶19. If a defendant's service of a discovery request does not comply with Crim.R. 49(B) and Civ.R. 5(B), the prosecutor has no duty to respond. *State v. Bell*, 6th Dist. Wood No. WD-94-110, 1995 WL 386470, *3 (June 30, 1995). Similarly, if service of a motion is not made in accordance with those two rules, it is not properly before the trial court for consideration. *Desellems*, at ¶21; *State v. Blalock*, 2d Dist. Montgomery No. 6701, 1981 WL 2869, *3 (Aug. 4, 1981).

{¶20} In addition to the typical methods of service, Civ.R. 5(B)(2)(e) states that if the "person" has no known address, proper service can be accomplished by leaving the document with the court clerk. Before this court, appellant has attempted to invoke this rule by describing all the various steps she took to find the prosecutor's address, including leaving voice mails on the prosecutor's telephone and filing a records request with the Village of Timberlake. However, at the trial level, appellant only asserted that she could not find the prosecutor's address on the village's website and that she left her discovery demand and motion to compel with the trial court clerk because that is what someone in

5

the clerk's office told her to do. More importantly, she did not present any evidence to the magistrate verifying the alleged steps she had taken to locate the prosecutor's address. Therefore, appellant failed to adequately invoke Civ.R. 5(B)(2)(e).

{¶21} In turn, given that the two certificates of service attached to her discovery demand and motion to compel do not state that appellant personally served the village prosecutor or sent him copies of the documents by mail, neither document was properly served and, therefore, was not before the court for consideration. The denial of appellant's motion to dismiss was warranted.

{¶22} Appellant also asserts that the magistrate should have granted a sua sponte continuance. But, given that appellant failed to properly serve her discovery demand, the need for continuance was attributable to her. Moreover, appellant never asked the court for a sua sponte continuance and expressly rejected the olive branch extended by the state and the court. Appellant's first assignment is without merit.

{¶23} Although appellant's second assignment is worded in terms of sufficiency and manifest weight of the evidence, she raises two distinct arguments. First, she argues that the traffic citation is insufficient due to illegibility.

{¶24} Appellant raised legibility of the citation as part of her statement under oath at trial, but did not seek to introduce the copy of the citation she was issued. The original, however, clearly charges appellant with speeding under section 434.04(B)(3) of the Village of Timberlake traffic ordinance. It further alleges that appellant was detected by radar travelling 47 m.p.h. in a 35-m.p.h. speed zone and that her speed was unsafe for the conditions. The charging instrument is, therefore, sufficient. Traff.R. 3(B).

{¶25} Appellant's second argument asserts that the magistrate should not have allowed Officer Renton to testify regarding the radar gun reading on foundational grounds.

6

Citing *Barberton v. Jenney,* 9th Dist. Summit No. 24423, 2009-Ohio-1985, she maintains that the prosecutor's failure to admit a written certification of training renders his testimony inadmissible.

{¶26} An officer's qualification to operate a radar gun can be waived when not asserted before the trial court. *State v. Sferra*, 11th Dist. Lake No. 2016-L-013, 2016-Ohio-7161 at ¶30. Although appellant questioned Officer Renton about his qualifications during cross-examination, she did not raise any objection to his testimony on direct as to the reading of the radar gun; hence, she waived the right to contest his qualifications both in her objections before the trial court and on appeal. Furthermore, in *Sferra*, this court also held that admission of the certificate is not the sole means for qualifying an officer. An officer's qualifications to operate a radar gun can be established solely through his testimony. *Id.*

{¶27} Appellant's second assignment is likewise without merit. The judgment of the Willoughby Municipal Court is affirmed.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.

concur.