THE STATE OF OHIO, APPELLEE, *v.* AYESH, APPELLANT.

(No. CA84-12-019 — Decided August 19, 1985.)

*Robert A. Corbin,* assistant prosecuting attorney, for appellee.

*Dennis M. O'Connell,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the County Court of Brown County.

Defendant-appellant, Rasmi M. Ayesh ("appellant"), on September 7, 1983, was charged with a violation of R.C. 4511.21(D)[1] and was found guilty thereof after a trial to the court on November 5, 1984. From this finding a timely appeal was taken, setting forth a single assignment of error:

"The trial court erred to the prejudice of the Defendant by taking judicial notice of the reliability of the K-55 radar unit * * *."

Evid. R. 201(B) delineates the two categories of facts which may be judicially noticed:

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

We find appellant's assignment of error not well-taken for the reason that the scientific reliability of K-55 radar has been authoritatively settled in the Twelfth Appellate District and is, therefore, a proper subject of judicial notice. *State* v. *Shew* (Dec. 30, 1983), Warren App. No. CA83-04-022, unreported. Under Evid. R. 201(B)(2), the reliability of the K-55 radar unit is a fact "capable of accurate and ready determination." Additionally, we note that other appellate courts in Ohio have also upheld the taking of judicial notice of the reliability of the K-55 unit. See *State* v. *Bechtel* (1985), 24 Ohio App. 3d 72; *Kettering* v. *Smith* (Apr. 12, 1984), Montgomery App. No. 8383, unreported; and *State* v. *Kinker* (Mar. 4, 1983), Huron App. No. H-82-24, unreported. The judgment of conviction is affirmed.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

---

[1] R.C. 4511.21(D) provides:

"No person shall operate a motor vehicle * * * upon the streets or highways at a speed exceeding fifty-five miles per hour."