OPINION
Defendant-appellant, Larry Bolender, appeals his adjudication in the Clermont County Juvenile Court as a juvenile traffic offender for speeding. We affirm.
On July 24, 1997 at approximately 1:40 p.m., appellant was stopped on State Route 32 and issued a citation for speeding in violation of R.C. 4511.21. The citation and accompanying complaint indicated that radar recorded the speed of appellant's vehicle at sixty-seven m.p.h. in a fifty-five m.p.h. zone. On September 22, 1997, appellant appeared at a hearing in the Clermont County Juvenile Court represented by counsel. Appellant's counsel indicated that appellant was willing to proceed in the absence of a prosecuting attorney and stipulated that appellant was at the location listed on the citation at the date and time indicated. However, appellant disputed the accuracy of the speed cited on the citation arguing that there had not been judicial recognition that the moving radar used by the trooper was accurate. The trial judge did not hear testimony but the trooper stated for the record that the radar unit had been calibrated on the morning of July 24, 1997 and had also been found to be in proper working order after it was used to record the speed of appellant's vehicle. On October 24, 1997, the trial judge entered an order adjudicating appellant a juvenile traffic offender for speeding based upon the stipulated evidence and this court's opinion in State v. Ayesh (1985), 24 Ohio App.3d 73. The trial judge ordered appellant to pay court costs.
On appeal, appellant assigns a single assignment of error:
 THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY WHERE THERE IS NO PRECEDENT IN CLERMONT COUNTY FOR JUDICIALLY NOTICING IN A PROSECUTION FOR SPEEDING THE RELIABILITY OF A "K55" RADAR DEVICE AS USED IN A MOVING VEHICLE.
Appellant's assignment of error lacks merit. The reliability of the K-55 radar has been authoritatively settled in the Twelfth District and is subject to judicial notice. State v. Ayesh (1985),24 Ohio App.3d 73; State v. Crow (Feb. 19, 1991), Madison App. No. CA90-04-012, unreported. In addition, the record indicates that the radar unit was working properly both before and after the speed of appellant's vehicle was recorded. Accordingly, the trial court did not err by taking judicial notice of the reliability of the K-55 radar. See State v. Rafter (Nov. 5, 1990), Butler App. No. CA90-05-091, unreported. Appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.