OPINION
{¶ 1} Defendant-appellant Lee Yeager appeals the decision of the Struthers Municipal Court convicting him of speeding. The issue raised before this court is whether the state produced evidence that the radar machine was operating properly and that the officer was qualified to use the radar device. For the reasons stated below, the decision of the trial court is hereby reversed and the conviction is vacated.
 STATEMENT OF FACTS {¶ 2} On May 10, 2003, Yeager was driving his car down State Route 170 in the Village of New Middletown, Mahoning County, Ohio. (Tr. 6). Officer Jason Lanzo, positioned at the intersection of State Route 170 and Calla Road, observed Yeager's vehicle traveling at a high rate of speed. Radar indicated that he was traveling 47 miles per hour in a 35 mile per hour zone. Officer Lanzo proceeded to initiate a traffic stop and cited Yeager for speeding, a violation of New Middletown Village Ordinance No. 333.03.
 {¶ 3} A bench trial occurred in the Struthers Municipal Court. At trial, Officer Lanzo testified that he used radar to detect the speed of Yeager's vehicle. (Tr. 6). He also testified that the radar machine was calibrated and operating properly. (Tr. 6). The trial court found Yeager guilty of the speeding violation and sentenced him to a $10 fine and court costs. Yeager timely appealed raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court erred in finding defendant-appellant `guilty as charged.'"
 {¶ 5} Yeager contends that the state failed to prove its case beyond a reasonable doubt. Specifically, he argues that the state failed to identify the type of "radar" that was used and failed to establish Officer Lanzo's qualifications for using the radar device. Therefore, according to Yeager, insufficient evidence exists to support the speeding conviction.
 {¶ 6} The state argues that at trial Yeager never objected to either the radar used to detect the speed of his vehicle or of Officer Lanzo's qualifications. Furthermore, the state contends that Yeager's failure to raise this issue to the trial court (i.e. lack of sufficient evidence) waives the right to raise any alleged error on appeal.
 LAW AND ANALYSIS {¶ 7} Yeager failed to move for a Crim.R. 29 motion for acquittal at trial. However, the failure to move for an acquittal at trial does not waive an appellant's right to raise a sufficiency of the evidence argument on appeal. State v. Jones,91 Ohio St.3d 335, 346, 2001-Ohio-57; State v. Casto, 4th Dist. No. 01CA25, 2002-Ohio-6255, at ¶ 9; State v. Carter,64 Ohio St.3d 218, 1992-Ohio-127. A defendant preserves his right to object to any alleged insufficiency of the evidence when he enters his "not guilty" plea. Jones, 91 Ohio St.3d at 346. Moreover, a conviction based on insufficient evidence would usually amount to plain error. Statev. Miller, 6th Dist. No. WD-02-040, 2003-Ohio-4221, at ¶ 57 (stating "`[w]hether a sufficiency of the evidence argument is reviewed under a prejudicial error standard or under a plain error standard is academic,' because regardless of the standard used, `a conviction based on legally insufficient evidence constitutes a denial of due process,' State v. Thompkins, 78 Ohio St.3d 380, 386-387,1997-Ohio-52, citing Tibbs v. Florida (1982), 457 U.S. 31, 45, and Jackson v. Virginia (1979), 443 U.S. 307, and should therefore be overturned"). Accordingly, if the evidence is insufficient (regardless of what standard of review is used), the conviction must not stand.
 {¶ 8} Whether or not the state presented sufficient evidence is a question of law dealing with adequacy. Thompkins,78 Ohio St.3d at 386. When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson,443 U.S. at 318-19; State v. Goff, 82 Ohio St.3d 123, 138, 1998-Ohio-369, citing State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 9} In order for a person to be convicted of speeding, evidence must be introduced that the device is in good condition for accurate readings and that the officer is qualified to administer the radar device. State v. Wilcox (1974),40 Ohio App.2d 380, 384; State v. Brown, 9th Dist. No. 02CA0034-M, 2002-Ohio-6463, citing East Cleveland v. Ferell (1958),168 Ohio St. 298, 303. "Where there is no testimony as to the construction and method of operation of a speed measuring device not the subject of judicial notice, the testimony of the user, standing alone, is insufficient to sustain a conviction for speeding." State v. Colby (1984), 14 Ohio App.3d 291, paragraph one of the syllabus. Therefore, as to a measuring device not subject to judicial notice, there must be testimony from the officer as to the method of operation and the accuracy of the radar device.
 {¶ 10} Here, the record is devoid of any evidence that the trial court took judicial notice of the reliability of the radar machine. Therefore, testimony was needed to establish the reliability of this radar machine. This does not mean that in every case there must be scientific testimony as to the accuracy of the speed measuring device. Ferrell, 168 Ohio St. 298 (court may recognize the general reliability of the stationary radar speed meter as a device for measuring the speed of a moving vehicle and it may no longer be necessary to require expert testimony in each case as to the nature, function and scientific principles). If the radar device is identified at trial, and if the court has already heard evidence as to the reliability of that device, it may take judicial notice of its reliability, instead of requiring scientific evidence as to its reliability.State v. Ayesh (1985), 24 Ohio App.3d 73, 74 (stating the scientific reliability of K-55 radar has to be authoritatively settled in the Twelfth District); Findlay v. Gardner (Mar. 18, 1999), 3d Dist. No. 5-98-28 (stating K-55 radar unit is the proper subject of judicial notice); State v. Miller (Feb. 12, 1999), 11th Dist. No. 98-P-0023 (stating the K-55 radar unit is the proper subject of judicial notice); State v. Dawson (Dec. 12, 1998), 12th Dist. No. CA98-04-021 (judicial notice taken of the LTI 20-20 laser device); City of Cleveland Hts. v. Bartell
(Feb. 19, 1987), 8th Dist. No. 51719 (judicial notice of KR-10 radar unit); State v. Kocher (Oct. 29, 1985), 10th Dist. No. 85AP-256 (judicial notice of reliability of K-55 radar unit was proper). But, cf., Columbus v. Dawson (Mar. 14, 2000), 10th Dist. No. 99AP-589 (stating the dependability of the Ultra Light 20 Laser device is not common knowledge in the Tenth District and as such cannot be the subject of judicial notice).
 {¶ 11} In the case sub judice, scientific evidence of the machine's reliability was not provided, nor was the type of radar machine ever identified. Therefore, we cannot conclude that the reliability of the machine has already been recognized by courts within our district, or that of any other court. Accordingly, the unknown and unspecified radar device could not be used as evidence of Yeager's speed while operating a motor vehicle.
 {¶ 12} However, even if we could determine that the radar device was reliable, testimony must still establish that the device was properly working and that the officer was qualified to operate the machine. State v. Wilson (Nov. 20, 1996), 9th Dist. No. 95CA006285, citing Ferrell, 168 Ohio St. 298. Officer Lanzo did testify that the machine was calibrated prior to him coming on duty that day and it was operating properly. (Tr. 7). He also testified that it was calibrated after the stop and it was operating correctly at that point. (Tr. 7). Thus, the record does provide sufficient evidence to establish that the machine was operating properly.
 {¶ 13} The testimony as to the officer's qualifications to use the radar device, however, is nonexistent; the record is devoid of any evidence that the officer was trained and qualified to administer the radar device. Therefore, the radar device's reading as to Yeager's speed cannot be used as evidence that Yeager was speeding. Brown, 9th Dist. No. 02CA0034-M (stating that a deputy's testimony that he was trained to use the radar on two separate occasions, absent further evidence, such as a certificate of training, did not demonstrate that the officer was qualified to operate the radar unit). Thus, since the record is devoid of any other evidence that Yeager was speeding, his speeding conviction must be reversed based upon insufficient evidence.
 {¶ 14} The state also argues that Yeager did not object to the testimony of Officer Lanzo concerning the radar, therefore, any argument made on appeal as to the radar is waived. The failure to object, however, is not fatal to his argument. Id. at ¶ 8 (explaining that the failure to object to the judge taking judicial notice of the reliability of the radar detector waives that issue for appeal, but whether the detector was properly working and the administer was qualified to use it is not waived for purposes of appeal). A reviewing court is permitted to determine whether the testimony and evidence established that the radar device was in proper working order and that the officer was qualified to operate the unit. Id.
 {¶ 15} For the reasons stated above, the trial court's decision is reversed and Yeager's conviction is vacated.
Donofrio and DeGenaro, JJ., concur.