JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Brent L. English ("defendant") appeals from a judgment of the Cleveland Municipal Court which found him guilty of speeding. For the following reasons, we reverse the decision of the trial court and discharge the defendant.
 {¶ 2} A review of the record reveals the following: On April 8, 2004, Cleveland Police Officer Gilbert Grooms ("Grooms"), while conducting traffic enforcement on the on-ramp of East 26th Street, observed defendant passing other cars while driving eastbound on Route 2 in Cleveland, Ohio. Using a laser gun, Officer Grooms clocked defendant traveling at a speed of 70 m.p.h. in a 50 m.p.h. zone. Officer Grooms initiated a traffic stop and cited defendant for speeding, a violation of Section 433.03 of the Codified Ordinances of the City of Cleveland.
 {¶ 3} A bench trial was held on June 11, 2004. At trial, Officer Grooms testified that he used a laser gun to detect the speed of defendant's vehicle. He also testified that he was qualified to operate the laser gun because he was certified by the State Highway Patrol. Finally, he testified that the laser gun was calibrated and operating properly. Defendant's motion for acquittal was denied by the trial court and defendant was found guilty of the alleged offense and fined $60 plus court costs.
 {¶ 4} Defendant now appeals the trial court's judgment and raises two assignments of error, which will be addressed together.
 {¶ 5} "I. The judgment of conviction was not supported by sufficient evidence.
 {¶ 6} "II. The trial court abused its discretion and erred to English's prejudice by allowing the City to adduce evidence based upon the laser speed measuring device over English's objections when the predicates to admissibility of that evidence were not proved."
 {¶ 7} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 8} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 9} Here, defendant was charged with speeding in violation of C.C.O. § 433.03, which provides, in pertinent part, that it is prima facie unlawful to exceed the speed limitations established by the local authorities, in this case, 50 m.p.h.
 {¶ 10} The scientific accuracy of a laser device is the type of fact that can be judicially noticed. City of East Cleveland v. Ferrell
(1958), 168 Ohio St. 298, 303. Here, however, the City presented no evidence as to the type or make of the laser machine used to measure defendant's speed. Accordingly, the trial court could not have taken judicial notice of its dependability and accuracy. See City of NewMiddletown v. Yeager, Mahoning App. No. 03 MA 104, 2004-Ohio-1549 (an unknown and unspecified radar device could not be used as evidence of speeding). See, also, City of Cincinnati v. Levine (2004),158 Ohio App.3d 657, 2004-Ohio-5992 (the trial court could not take judicial notice of a LTI 20-20 as an accepted speed-measuring device where it had never received expert evidence on such a device); State v.Kincaid (2003), 124 Ohio Misc.2d 92, 99 (the trial court could not take judicial notice of a Marksman 20/20 as an accepted speed-measuring device where it had not previously approved such a device); State v. Saphire
(Dec. 8, 2000), Greene App. No. 2000 CA 39 (the trial court could not take judicial notice of a LTI 2020 as an accepted speed-measuring device where it had never received expert evidence on such a device.)
 {¶ 11} When a measuring device is not subject to judicial notice, there must be testimony from the officer as to his qualifications to operate the device and that the device was in proper working order. EastCleveland v. Ferrell, supra. Here, Officer Grooms testified that the laser has a "self-checking" mechanism and that he conducted an alignment and distance calibration check, which was logged into his duty report that day. While arguably the record provides sufficient evidence that the machine was working properly, even though the duty report was not admitted into evidence, the testimony as to Officer Grooms' qualifications to use the laser device is insufficient. Although Officer Grooms testified that he was certified through the State Highway Patrol in the use and technical aspect of laser and radar, his training was not otherwise described, nor was his certificate of training offered into evidence. See City of New Middletown, supra; State v. Brown, Medina App. No. 02CA0034-M, 2002-Ohio-6463. In light of the fact that the type, kind, or model of the laser device used to measure defendant's speed was never identified, we do not find that the City sufficiently proved that Officer Grooms was qualified to operate the specific laser unit used in this case. Accordingly, the laser device's reading as to defendant's speed cannot be used as evidence that defendant was speeding.
 {¶ 12} Since the laser reading is excluded, we must now determine whether there is sufficient remaining evidence to find the defendant guilty of speeding. The only remaining evidence is Officer Grooms' testimony that he saw the defendant "passing" other cars.[1] This Court has previously held that the opinion of an officer that a defendant was speeding, based upon a visual estimation and nothing more, is insufficient to sustain a conviction by proof beyond a reasonable doubt. See BroadviewHts. v. Abkemeier (1992), 83 Ohio App.3d 633, 636. Accordingly, we find that defendant's speeding conviction must be reversed based upon insufficient evidence.
 {¶ 13} For the reasons stated above, the trial court's decision is reversed and defendant is discharged.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Corrigan, J., Concur.
[1] Indeed, Officer Grooms never estimated at what speed defendant was traveling.