OPINION
{¶ 1} Appellant, Gerald A. Bayus, Jr., appeals from the March 14, 2005 judgment entry of the Chardon Municipal Court, finding him guilty of speeding and ordering him to pay a fine of $75 plus costs.
 {¶ 2} The undisputed facts giving rise to this appeal are as follows: on November 29, 2004, State Highway Patrol Trooper, Steven D. Jeffries ("Trooper Jeffries"), issued a speeding citation to appellant for going sixty-one m.p.h. in a forty-five m.p.h. zone, in violation of R.C. 4511.21(C). Trooper Jeffries clocked appellant with a K-55 radar unit.
 {¶ 3} Appellant entered a plea of not guilty. A bench trial proceeded on January 12, 2005, in front of a magistrate. Appellant represented himself at trial. On February 1, 2005, the magistrate found appellant guilty of the offense, and ordered him to pay a fine of $75 plus costs. Appellant objected to the magistrate's decision on February 14, 2005. The trial court overruled his objections, and adopted the magistrate's decision on March 14, 2005.
 {¶ 4} It is from this judgment that appellant filed a timely notice of appeal, and raises the following assignments of error:
 {¶ 5} "[1.] The trial court committed reversible error when it determined that [appellant's] objection to [the] magistrates decision was not well taken and adopted the magistrates decision. [sic]
 {¶ 6} "[2.] The trial court committed reversible error when it denied [appellant's] request to supplement the record."
 {¶ 7} In his first assignment of error, appellant presents three issues for review: one, "[t]he trial court committed reversible error when [it] stated that [appellant] was obligated to disprove elements of the offense"; two, "[t]he trial court committed reversible error when [it] found that the State of Ohio had met its burden and proved the charge beyond a reasonable doubt"; and three, "[t]he trial court committed reversible error when it made a decision against the manifest weight of the evidence."
 {¶ 8} With regard to the first issue presented, we note that the trial court did not state that appellant "was obligated to disprove the elements of the offense[,]" as appellant contends. What the magistrate stated was "defendant has failed to establish reasonable doubt concerning any element of the offense alleged in the complaint, and that the State has proven all elements of the offense alleged in the complaint beyond reasonable doubt." Although the correctness of the magistrate's conclusion would have been more apparent had he reversed the two statements, he did not commit error by not doing so. It is clear from reviewing the magistrate's decision in its entirety, as well as the record, that the magistrate did not place an improper burden on appellant. The state presented its case, through Trooper Jeffries' testimony, establishing that appellant violated R.C.4511.21(C) beyond a reasonable doubt. In his defense, appellant attempted to cast doubt on the evidence presented by the prosecution. However valiant in his effort to do so, he was not successful.
 {¶ 9} Appellant's second and third issues under his first assignment challenge the trial court finding him guilty of the offense; i.e., appellant questions whether the legal sufficiency and the weight of the evidence were adequate to sustain his conviction. We conclude that it was.
 {¶ 10} Sufficiency of the evidence and weight of the evidence are not synonymous legal concepts; they are both quantitatively and qualitatively different. State v. Thompkins (1997),78 Ohio St.3d 380, 386. As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13, "`[s]ufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented."
 {¶ 11} In Schlee, we further explained that:
 {¶ 12} "`"(* * *) [t]he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claimof insufficient evidence invokes an inquiry about due process. Itraises a question of law, the resolution of which does not allowthe court to weigh the evidence. * * *"'" Id. (Emphasis sic.) (Citations omitted.) "In essence, sufficiency is a test of adequacy[;] [w]hether the evidence is legally sufficient to sustain a verdict * * *." Thompkins, supra, at 386. Further, we note that the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 13} With respect to appellant's sufficiency argument, we look to R.C. 4511.21, which governs speed limit violations. R.C.4511.21(C) provides in pertinent part that, "[i]t is prima-facie unlawful for any person to exceed any of the speed limitations * * * declared pursuant to this section by the * * * local authorities * * *."
 {¶ 14} In order for a person to be convicted of speeding based on radar evidence, evidence must be introduced that the radar device is scientifically reliable. East Cleveland v.Ferell (1958), 168 Ohio St. 298, 301. This may be established by expert testimony, or if the trial court has previously determined that a particular device is scientifically dependable, then the court may take judicial notice of this fact. Id. Further, it must be shown that the device is in good working condition, as well as accurate, and that the officer who used the device is qualified to administer it. Id.
 {¶ 15} We note first that that the trial court properly took "judicial notice that K-55 radar in moving mode is scientifically reliable in the detection of the speed of on-coming vehicles[,]" citing State v. Newman (1984), Chardon Municipal Court Case No. 84-TRD6-95, as the case it had originally determined it to be so.
 {¶ 16} The state then established that Trooper Jeffries was qualified to use the radar unit, and that it was properly working on the day in question. Trooper Jeffries testified that he had been a trooper for over seventeen years. He further testified that he was trained and certified to operate the radar unit, and that he renews his certificate yearly, as required, most recently receiving his update within the last six months. He also testified that he calibrated the unit both at the beginning and end of his shift on the day in question, and that it was in good working condition. Moreover, Trooper Jeffries testified that Ohio State Highway Patrol radio technicians had properly certified the radar unit within the period recommended by the manufacturer.
 {¶ 17} Next, Trooper Jeffries described the incident that led to the citation. He testified that on November 29, 2004, at approximately 9:20 a.m., he was traveling eastbound on U.S. Route 422 and appellant was traveling westbound, when he observed appellant traveling at what he believed to be at a rate of speed "over the posted speed limit[.]" Trooper Jeffries indicated that he believed appellant to be speeding based on his years of experience, training, and perception. Upon visually observing appellant speeding, Trooper Jeffries testified that he activated his handheld K-55 radar unit and that he "maintained the tracking history for a good three or four seconds" on appellant's vehicle. He stated that appellant's speed "stayed at 61 [m.p.h.,]" so he turned his vehicle around, and conducted a traffic stop on appellant. Further, Trooper Jeffries testified that when he clocked appellant, there were no other vehicles between his car and appellant's. According to Trooper Jeffries, "[appellant's] vehicle was clearly out there, the visual observation was made, [and] the tracking history was made * * *."
 {¶ 18} Appellant contends that he presented sufficient evidence to cast reasonable doubt as to his guilt. First, appellant maintains that the state did not offer documentary evidence regarding Trooper Jeffries' training and certification, or of the radar unit's certification records, and as such, it was fatal to appellee's case. We disagree.
 {¶ 19} The testimony of the officer who calibrated the radar device prior to its use is sufficient to demonstrate that a radar unit is properly calibrated. State v. Doles (1980),70 Ohio App.2d 35, 39. As discussed in the foregoing analysis, Trooper Jeffries did just that. Further, this court has held that the officer's testimony with respect to his or her qualifications and experience, is sufficient to establish that he or she is qualified to use the radar device. State v. Schroeder (Sept. 8, 1995), 11th Dist. No. 95-G-1907, 1995 Ohio App. LEXIS 3910, at 4.[1] Again, Trooper Jeffries testified to his extensive experience and training, establishing that he was qualified to use the unit.
 {¶ 20} Appellant further contends that the trial court abused its discretion by not considering contradictory evidence that Trooper Jeffries could not have tracked his car because a panel truck was in front of appellant's car, blocking the radar. However, in his decision, the magistrate clearly indicated that he considered this evidence, as well as appellant's "own testimony, his cross examination of Trooper Jeffries, and the various defense exhibits * * *."
 {¶ 21} Finally, appellant maintains that the magistrate improperly concluded that Trooper Jeffries' failure to compare his own odometer reading with the reading on the K5-5 unit did "not arise [sic] to a failure on the part of Trooper Jeffries to operate the K-55 radar unit properly * * *." The record reflects that Trooper Jeffries testified that he did check his odometer speed with that of the radar unit, as required. He simply could not recall what it was because he did not record it. Appellant did not argue that Trooper Jeffries had to record his speed odometer reading; just that he had to compare it, which Trooper Jeffries indicated that he did.
 {¶ 22} Further, even if we were to conclude that the radar reading was not reliable, this court has held that a conviction for speeding will not be reversed on sufficiency grounds even if a radar reading was improperly admitted into evidence when an officer testified that, based upon his visual observation, the vehicle was speeding. Kirtland Hills v. Logan (1984),21 Ohio App.3d 67, 69. Thus, based on the foregoing analysis, we conclude that the evidence was sufficient for the trial court to find appellant guilty of the offense beyond a reasonable doubt.
 {¶ 23} Appellant also contends that the trial court's decision was against the manifest weight of the evidence.
 {¶ 24} In Schlee, supra, at 14-15, we explained that "`manifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 25} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"'* * *" (Citations omitted.) (Emphasis sic.)
 {¶ 26} "When assessing witness credibility, `the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellant court may not substitute its own judgment for that of the finder of fact.'"State v. Brown, 11th Dist. No. 2004-T-0131, 2006-Ohio-129, at ¶ 40, quoting State v. Awan (1986), 22 Ohio St.3d 120,123. "`Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it.'" Id., quotingWarren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 3. Finally, we note that a judgment of a trial court should only be reversed as being against the manifest weight of the evidence "`in the exceptional case in which the evidence weighs heavily against the conviction.'"Thompkins, supra, at 387.
 {¶ 27} With this standard in mind, we conclude that the conviction was not against the manifest weight of the evidence. Appellant contends that since he is a police officer who is also trained to use the K-55 radar unit, and given the fact that he presented documentary evidence of this training, when there was no such documentary evidence of Trooper Jeffries' training, that the trial court improperly gave more weight to Trooper Jeffries' testimony. However, the record reflects that Trooper Jeffries had been employed as a trooper for over seventeen years and that he was currently certified in the use of K-55 radar, receiving his recent certification "within the past six months." Although appellant testified that he had been a police officer for nearly twelve years and was certified to use a radar device, he testified that he had "not had recent updates" in radar training. Thus, the trial court did not abuse its discretion by giving more weight to Trooper Jeffries' testimony.
 {¶ 28} Appellant also argues that the trial court committed reversible error by giving little weight to his photographic evidence, which appellant contends proves that the location where Trooper Jeffries clocked him was at such an angle that it would have caused the radar unit to give an erroneous reading. However, the record reflects that the trial court did consider the photographs offered by appellant, and chose to give more weight to Trooper Jeffries' testimony that where he clocked appellant, the angle was not greater than is acceptable for proper operation of the radar unit.
 {¶ 29} Based on the foregoing, we conclude that the trial court did not abuse its discretion when it gave more weight to Trooper Jeffries' testimony than the evidence presented by appellant. In fact, the trial court was in a better position to assign credibility to the testimony and evidence presented. There is nothing in the record to indicate that Trooper Jeffries' testimony was absurd or unbelievable. Moreover, appellant never offered evidence that he was not speeding. As such, appellant's first assignment of error is without merit.
 {¶ 30} In his second assignment, appellant argues that the trial court erred when it denied his request to supplement the record with the complete manual on radar training. We disagree.
 {¶ 31} The admission or exclusion of evidence is within the trial court's discretion. State v. Sage (1987),31 Ohio St.3d 173, 180. Thus, we will not reverse the trial court's decision absent an abuse of discretion. State v. Clark (1994),71 Ohio St.3d 466, 469. Abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. at 470.
 {¶ 32} In the case sub judice, the trial court admitted into evidence the portions of the radar training manual that were introduced at trial. After the trial, appellant filed a motion to supplement the record with the full manual. The trial court denied appellant's motion because to accept further evidence would be improper and prejudicial to appellee.
 {¶ 33} Appellant now argues that, "[t]he only reason the full manual was not made part of the record at trial was because [he] did not have an extra copy of the full report." Appellant's argument is without merit. The record reflects that the magistrate and the prosecutor went beyond what is necessary to assist appellant in the presentation of his case. When appellant had finished presenting his evidence, the magistrate asked him "[i]s this the pertinent portion of the [training] manual, in terms of the presentation of your defense?" Appellant indicated the portions that he wanted admitted. The state did not object. The magistrate marked the relevant portions of the manual for identification and admitted them into evidence. The trial court's reasoning for later denying his request to supplement does not rise to an abuse of discretion. Thus, appellant's second assignment of error is without merit.
 {¶ 34} For the foregoing reasons, appellant's two assignments of error are not well-taken. As such, the judgment of the Chardon Municipal Court is affirmed.
William M. O'Neill, J., concurs,
Colleen Mary O'Toole, J., concurs in judgment only.
[1] This court and others have held that the officer's testimony is sufficient, either directly or indirectly, to establish that he is qualified. See Schroeder, supra; NewCarlisle v. Planchak (May 17, 1988), 2d Dist. No. 2339, 1988 Ohio App. LEXIS 1971, at 4; State v. Dawson, 5th Dist. No. 03-COA-061, 2004-Ohio-2324, at ¶ 21-22; State v. Daugherty
(Sept. 17, 1997), 3d Dist. No. 5-97-20, 1997 Ohio App. LEXIS 4278, at 8. However, some courts have recently held that the officer's testimony is not sufficient to show that he is qualified; i.e, his radar training certificate must be admitted into evidence. See Cleveland v. English, 8th Dist. No. 84945,2005-Ohio-1662, at ¶ 11; New Middletown, 7th Dist. No. 03 MA 104, 2004-Ohio-1549, at ¶ 12-13; State v. Brown, 9th Dist. No. 02CA0034-M, 2002-Ohio-6463, at ¶ 12.