JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Brent English ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 2} According to the case, appellant received a speeding ticket on May 6, 2005. He was cited for violating Section 333.03
of the Village of Highland Hills Codified Ordinances. Appellant appeared at the Village of Highland Hills Mayor's Court and entered a plea of not guilty. His case was transferred to Bedford Municipal Court, and a trial was held on August 1, 2005. At the close of all of the evidence, the judge found appellant guilty of violating the Village of Highland Hills' speeding ordinance, Section 333.03, and imposed a fine of $50 and court costs.
 {¶ 3} According to the facts, appellant was traveling eastbound on Chagrin Boulevard on May 6, 2005, at a speed of 48 m.p.h. in a 35 m.p.h. zone. Officer John Lattimore of the Highland Hills Police Department was monitoring traffic on that date and location. Officer Lattimore testified that he was in the vicinity of Green Road and Belvoir when his radar unit picked up a speeding vehicle. Appellant was driving his companion, Karen A. Skunta, in his 2005 Saab automobile. The two occupants were traveling from appellant's residence in Shaker Heights to an unspecified location prior to receiving the speeding ticket.
 I. {¶ 4} Appellant's assignments of error state the following:
 {¶ 5} I. "The trial court erred by denying defendant's motion for a directed verdict at the close of the state's case."
 {¶ 6} II. "The trial court erred in convicting the defendant where the evidence was insufficient as a matter of law."
 {¶ 7} III. "The trial court erred in convicting the defendant where the judgment was against the manifest weight of the evidence."
 {¶ 8} IV. "The trial court committed reversible error where it treated the offense as a per se violation, rather than a prima facie violation and where the evidence was insufficient to support a conviction on the prima facie violation and/or where the judgment was against the manifest weight of the evidence on the prima facie violation."
 II. {¶ 9} Based on the substantial interrelation between appellant's first three assignments of error, we shall address them together. Appellant argues that the court erred concerning his motion for acquittal. Appellant further argues that the court's decision was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 10} Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273.
 {¶ 11} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 12} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may, nevertheless, conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jurors that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, their verdict shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 13} In the case at bar, the officer who issued the speeding ticket testified "* * * I have been trained in the use of radar and the test mode was functioning properly."[1]
 {¶ 14} The police officer at the scene testified that he locked on the speeding vehicle visually and with the radar.
"Q: The fact of the matter is you don't know what vehicle wasspeeding?
 A: The fact of the matter is the vehicle that was speeding isthe vehicle I locked on visually and with the radar."[2]
 {¶ 15} The officer at the scene also testified that he was sure that appellant's vehicle was the one he measured at 48 m.p.h. in a 35 m.p.h. zone.
"Q: You aren't sure which one; isn't that right?
 A: Yes, I am.
 Q: How do you know which one?
 A: Because the speed coordinated with the visual that I had."
 {¶ 16} Moreover, the lower court stated that it previously heard expert testimony on the Proseries 1000.
"MR. ENGLISH: Are you taking into consideration that the Courthas heard testimony, has previously heard expert testimony on theProseries 1000?"
 THE COURT: This Court has."
 {¶ 17} In addition to the testimony above, the officer involved provided additional testimony regarding his training.
"Q: You were issued a radar unit for use on that day?
 A: Yes, I was.
 Q: Can you describe the radar unit for me?
 A: Proseries 1000 (inaudible) dash mount.
 Q: Were you trained in using this equipment?
 A: Yes.
 Q: Please describe for me the training you received.
 A: Standard training from the Ohio Police Academy and also(inaudible).
 Q: Are you required to check the calibration of this?
 A: Yes, I am.
 Q: How is this done?
 A: After every traffic stop the radar is tested. (Inaudible.)
 Q: All right. Was your radar working properly, to yourknowledge, on May 6, 2005?
 Q: Yeah." (Emphasis added.)
 {¶ 18} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; Crane v.Perry County Bd. of Elections, 107 Ohio St.3d 287, 293,2005-Ohio-6509; see, also, Painter and Dennis, Ohio Appellate Practice (2005), Section 4:9 ("If the appellant fails to ensure that the transcript includes all relevant evidence pertaining to the issues raised on appeal, the appellate court will assume that the evidence (omitted from the transcript) supported the trial court's factual findings").
 {¶ 19} The record demonstrates that the state put forth sufficient evidence to prove the essential elements required by the Village of Highland Hills Codified Ordinances, Section333.03, Maximum Speed Limits; Assured Clear Distance Ahead.
 {¶ 20} The state offered sufficient evidence that the radar unit was working properly and that its calibration had been checked prior to stopping appellant. The state also offered sufficient evidence demonstrating that the officer was qualified to operate the radar unit and that the officer used the radar unit properly. Furthermore, the officer testified that there were no obstructions between the radar and appellant's vehicle.[3]
 {¶ 21} The evidence in the record verifies that the officer was properly trained in the use of radar speed detection and the unit he was using was working properly on the day in question.
 {¶ 22} Accordingly, appellant's first, second and third assignments of error are overruled.
 {¶ 23} Appellant argues in his fourth assignment of error that the trial court erred in treating the violation as a per se violation, rather than a prima facie violation.
 {¶ 24} Appellant directs us to the syllabus in Cleveland v.Keah (1952), 157 Ohio St. 331, which states the following:
"Where a municipal ordinance makes it prima facie unlawful fora motor vehicle to exceed a certain speed limit in a describedlocality, a speed greater than that specified does not establishthe commission of an offense or constitute unlawful conduct perse, but establishes only a prima facie case under the ordinance.Such a provision as to speed is merely a rule of evidence raisinga rebuttable presumption which may be overcome by evidenceshowing that in the circumstances the speed was neither excessivenor unreasonable."
 {¶ 25} Appellant argues that the lower court failed to find that his speed was "unreasonable for the conditions, the area, or the circumstances."
 {¶ 26} Although appellant argues that the trial court made no findings regarding unreasonable motor vehicle speeds, he failed to cite any authority requiring the court to make these findings on the record. Appellant claims that it is the burden of the state to show that appellant's speed was unreasonable for the conditions, area or circumstances. However, Keah provides that it is the defendant's burden to offer "evidence showing that in the circumstances the speed was neither excessive nor unreasonable." Id.
 {¶ 27} Appellant's argument is misplaced. Appellant's fourth assignment of error is overruled.
 {¶ 28} This court also notes that the case at bar is distinguishable from City of Cleveland v. English, Cuyahoga App. No. 84945, 2005-Ohio-1662. In City of Cleveland v.English, the officer did not describe his radar training, the trial judge did not previously hear testimony on the specific radar unit used, and this court found that the city presentedno evidence as to the type or make of the laser machine used to measure defendant's speed.
 {¶ 29} However, in the case at bar, the officer did
describe his training, "standard training from the Ohio Police Academy and also (inaudible)," and the trial judge did
previously hear expert testimony on the radar detector used, "This Court has." Accordingly, the two cases are clearly distinguishable.
 {¶ 30} Based on the evidence, we find that the trial court acted properly in its denial of appellant's motion for acquittal. Moreover, we find that the trial court's decision was supported by sufficient evidence and was not against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., concurs; James J. Sweeney, J., concurs injudgment only.
[1] Tr. at 19.
[2] Tr. at 12.
[3] Tr. at 6.